*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

STEVEN D. MORROW,

        Defendant-Appellant.

UNPUBLISHED
February 24, 2025
9:00 AM

No. 372109
Oakland Circuit Court
LC No. 22-281468-FC

Before: MARIANI, P.J., and RIORDAN and FEENEY, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals by leave granted the trial court's order granting the prosecution's motion to compel a psychological examination of defendant by the prosecution's expert or, alternatively, to strike the report and testimony of the defense's psychological expert. We affirm.

In May 2022, when he was 18 years old, defendant robbed and fatally shot two young men. In February 2023, defendant pleaded guilty to two counts of first-degree felony murder, MCL 750.316(1)(b); two counts of armed robbery, MCL 750.529; and four counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The prosecution moved the trial court to sentence defendant to life without the possibility of parole, and the parties agreed that a *Miller*[1] hearing should be held so that "facts, data, and circumstances pertinent to the sentencing decision [could] be presented and explored."

In anticipation of the *Miller* hearing, the defense planned to have defendant examined by a psychological expert chosen by the defense, and then to present the findings of the expert as mitigating evidence at the hearing. The prosecution moved the trial court to compel defendant to also participate in a psychological examination with an expert chosen by the prosecution or, alternatively, to strike the testimony and report of the defense's expert. Defendant filed a response in opposition, arguing that compelling him to participate in a psychological examination with an

---

[1] *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012).

expert chosen by the prosecution would violate his Fifth Amendment right against self-incrimination because it would force him to serve as a witness against himself. Following oral arguments on the matter, the trial court granted the prosecution's motion. In doing so, the court acknowledged the importance of defendant's Fifth Amendment rights and his right to a full and fair sentencing, but stated, "Defendant cannot use his right against self-incrimination as both a shield, and ultimately a sword, to admit unrefuted psychological evidence."

Defendant thereafter moved to stay proceedings, which the trial court granted, and filed an interlocutory delayed application for leave to appeal in this Court. We granted leave to address whether the trial court's order violated defendant's Fifth Amendment rights by forcing him to either act as a witness against himself or forgo his right to a full and fair sentencing. *People v Morrow*, unpublished order of the Court of Appeals, entered September 20, 2024 (Docket No. 372109).

On December 19, 2024, while the appeal in this case was pending, this Court released its decision in *People v Black*, ___ Mich App ___; ___ NW3d ___ (2024) (Docket No. 367831), holding

> that when a defendant intends on submitting an expert witness and report to the trial court that addresses any relevant *Miller* factors, neither the Fifth Amendment nor art 1, § 17 of the Michigan Constitution are violated when the defendant is required by court order to submit to an examination by a state witness. [*Id*. at ___; slip op at 6.]

Relying on legal principles set forth by the United States Supreme Court,[2] this Court explained:

> [B]ecause the prosecutor bears the burden of proof at a *Miller* hearing, and that burden is to rebut a presumption that the particular juvenile defendant is not deserving of life without parole, [*People v Taylor*, 510 Mich 112, 138; 987 NW2d 132 (2022)], providing the prosecution the ability to have its expert meet with defendant for purposes of expert evaluation and testimony to rebut defendant's

---

[2] See *Kansas v Cheever*, 571 US 87, 94, 98; 134 S Ct 596; 187 L Ed 2d 519 (2013) (holding that "where a defense expert who has examined the defendant testifies that the defendant lacked the requisite mental state to commit a crime, the prosecution may offer evidence from a court-ordered psychological examination for the limited purpose of rebutting the defendant's evidence" because "[a]ny other rule would undermine the adversarial process"); *Buchanan v Kentucky*, 483 US 402, 422-423; 107 S Ct 2906; 97 L Ed 2d 336 (1987) (holding that "if a defendant requests [a psychiatric] evaluation or presents psychiatric evidence, then, at the very least, the prosecution may rebut this presentation with evidence from the reports of the examination that the defendant requested"); *Estelle v Smith*, 451 US 454, 468; 101 S Ct 1866; 68 L Ed 2d 359 (1981) (holding that, in the context of capital sentencing, "[a] criminal defendant, who neither initiates a psychiatric evaluation nor attempts to introduce any psychiatric evidence, may not be compelled to respond to a psychiatrist if his statements can be used against him at a capital sentencing proceeding").

evidence does not violate his right against self-incrimination. [*Id*. at \_\_\_; slip op at 5 (quotation marks and alterations omitted).]

This Court emphasized that a defendant "cannot have his cake and eat it too," stating that "once [a defendant] places into evidence his own expert's psychological report (that used information obtained from defendant), the Fifth Amendment (or its state counterpart) cannot then be used as a shield to prevent the prosecution from accessing similar information from defendant for their own expert's use[.]" *Id.* at \_\_\_; slip op at 4 (quotation marks and citations omitted). This Court "recogniz[ed] that [a] defendant retains his Fifth Amendment privilege against self-incrimination," but noted that "it remains the case that the privilege cannot be selectively asserted in an effort to control what narrative or information is available to a court and the prosecutor." *Id*. at \_\_\_; slip op at 7.

Turning to the instant appeal,[3] the arguments defendant raises—that the trial court violated his constitutional rights by compelling him to submit to a psychological examination by the prosecution's expert or striking the report and testimony of his own psychological expert—were squarely addressed and rejected in *Black*. *Id*. at \_\_\_; slip op at 5-6. *Black* is a precedentially binding case, and defendant identifies—and we see—no reason why it would not control our disposition here. MCR 7.215(C)(2), (J)(1). Accordingly, we conclude that the trial court's order was not in error.

Affirmed.

/s/ Philip P. Mariani
/s/ Michael J. Riordan
/s/ Kathleen A. Feeney

---

[3] "We review constitutional issues de novo. We review the trial court's decision regarding evidence for an abuse of discretion. We review de novo questions of law related to the admission or exclusion of evidence." *Black*, \_\_\_ Mich App at \_\_\_; slip op at 3 (quotation marks and citations omitted).